**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

BLAKE EUGENE FARR,     :
                               :

        Plaintiff,        :
                               :

        v.              :     CIVIL ACTION NO.
                               :     2:11-CV-00074-RWS

HALL COUNTY, GEORGIA,   :
*et al.*,                  :
                               :

        Defendants.     :

## ORDER

This case comes before the Court on Defendants Georgia Bureau of Investigation ("GBI") and Steve Blackwell ("Blackwell")'s Motion to Dismiss [10] and Defendants Hall County, Georgia ("Hall County"), the Hall County Sheriff's Office ("HCSO"), and Ramone Gilbert ("Gilbert")'s Motion to Dismiss [12] and Motion for Summary Judgment [27].  After a review of the record, the Court enters the following Order.

### Background[1]

On May 15, 2008, Defendant Blackwell of the GBI executed a search warrant pursuant to allegations that Plaintiff had downloaded child

---

[1]The factual background is derived from the Complaint [1] and subsequent pleadings.  The Court makes no findings with respect to the facts contained herein.

pornography.  (Dkt. 1 at ¶¶ 27-29).  The pornography was believed to have

been downloaded on March 19, 2008 at approximately 9:45 a.m. to a computer

in Plaintiff's home.  (Id. at ¶¶ 30, 31).  On that date, Plaintiff asserts that he was

not at home, but rather from 7:00 a.m. to approximately 5:00 p.m. he was at an

HCSO Honor Guard commendation ceremony along with Defendant Gilbert.

(Id. at ¶¶ 22, 23, 30).  Defendant Blackwell's search of Plaintiff's home

revealed a video containing child pornography which had been downloaded

onto Plaintiff's computer.  (Id. at ¶¶ 30, 34).  Plaintiff was then taken to the

HCSO and questioned.  (Id. at ¶ 35).  In addition to denying knowledge of the

downloaded video, when questioned, Plaintiff announced that both the internet

account and Bear Share account were registered to Plaintiff's wife, Mrs. Farr;

that the Bear Share account had not been renewed in 2008; and that several

people had access to the computer during the time when the child pornography

was downloaded.  (Id. at ¶ 36).

The next day, May 16, 2008, Defendant Gilbert told Plaintiff to come to

the Hall County Law Enforcement Center to take care of some administrative

tasks related to the search warrant and assured Plaintiff that he was not going to

be arrested.  (Id. at ¶¶ 41, 42).  When Plaintiff arrived, Defendant Gilbert

2

grabbed Plaintiff's neck and asked, "Did you sleep well last night?"  (Id. at ¶ 43).  Defendant Gilbert then proclaimed that "this is where the Farr's [sic] and Hall County part ways," and later that same day, Defendant Gilbert fired Plaintiff.  (Id. at ¶¶ 45, 46).  Plaintiff asserts that prior to this incident there had been hostility between Defendant Gilbert and himself.[2]  (Id. at ¶ 18).

Plaintiff was subsequently arrested for sexual exploitation of children pursuant to an arrest warrant sworn out by Defendant Blackwell.  (Id. at ¶¶ 50, 83).  According to Plaintiff, Blackwell omitted critical facts when obtaining the arrest warrant from the magistrate.[3]  Moreover, Plaintiff asserts that Defendant Gilbert knew that Plaintiff could not have downloaded the child pornography on March 19, 2008 at approximately 9:45 a.m. because at that time Plaintiff was at the HCSO Honor Guard commendation ceremony along with Defendant Gilbert.  (Id. at ¶¶ 23, 30, 32).  Nonetheless, Defendant HCSO belly-chained,

---

[2] For example, in July 2007, Plaintiff was contacted by Defendant Gilbert for a position in the Hall County Courthouse in which Plaintiff expressed he would rather remain at his current position.  (Id. at ¶¶ 15, 16).  In response, Defendant Gilbert expressed his disgust with Plaintiff for refusing the position.  (Id. at ¶ 17).

[3] For instance, Plaintiff alleges the following facts were omitted: Plaintiff was at the Honor Guard commendation ceremony during the time when the alleged file was downloaded; the Bear Share  account was not renewed in 2008; and several people had access to the computer when the child pornography was downloaded.  (Dkt. 1 at ¶ 51).

handcuffed, and shackled Plaintiff.  (Id. at ¶ 53).  Plaintiff was escorted to a

patrol car and was left standing outside the patrol car for an extended period of

time—an action Plaintiff alleges was intended to humiliate and embarrass him.

(Id. at ¶ 54).  Plaintiff was then transported to Hall County Jail for the

remainder of the day.  (Id. at ¶ 55).  On May 27, 2010, the Hall County District

Attorney dismissed the charge against Plaintiff for lack of probable cause.  (Id.

at ¶ 67-68).

On March 21, 2011—over two years after the arrest occurred—Plaintiff

filed his Complaint [1] asserting false arrest and malicious prosecution claims

pursuant to 42 U.S.C. § 1983 against Defendants Blackwell and Gilbert, as well

as state law claims for false arrest and malicious prosecution against all

Defendants.  The Defendants have now moved to dismiss all claims against

them.

I.     Motions to Dismiss

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to

dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's

complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.

2000) (citation omitted).  Further, the court must draw all reasonable inferences

in the light most favorable to the plaintiff.  <u>Bryant v. Avado Brands, Inc.</u>, 187

F.3d 1271, 1273 n.1 (11th Cir. 1999); <u>see</u> <u>also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550

U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937,

1949 (2009) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  <u>Id.</u>

     The United States Supreme Court has dispensed with the rule that a

complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'"  <u>Twombly</u>, 127 U.S. at 561(<u>quoting</u> <u>Conley v.</u>

<u>Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule

with the "plausibility standard," which requires that factual allegations "raise

the right to relief above the speculative level."  <u>Id.</u> at 556.  The plausibility

standard "does not[, however,] impose a probability requirement at the pleading

stage; it simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence [supporting the claim]."  <u>Id.</u>

5

A.  <u>False-Arrest Claims under 42 U.S.C. § 1983 and O.C.G.A. § 51-7-1</u>
   <u>(Counts I and III)</u>

Plaintiff asserts a false-arrest claim under Section 1983 (Count I) against

Defendants Blackwell and Gilbert and a false-arrest claim under O.C.G.A. § 51-

7-1 (Count III) against all Defendants.  Defendants argue that Plaintiff's false-

arrest claims are barred under the two-year statute-of-limitations.

For both Section 1983 and state-law false-arrest claims, Georgia's two-

year statute-of-limitations governing personal injuries applies.  <u>See</u> O.C.G.A. §

9-3-33 ("Actions for injuries to the person shall be brought within two years

after the right of action accrues. . . ."); <u>Mullinax v. McElhenney</u>, 817 F.2d 711,

716 (11th Cir. 1987) ("The proper limitations period for all Section 1983

actions in Georgia is the two-year limitations period set forth in O.C.G.A. § 9-

3-33.").  For false-arrest claims, the two-year period begins to run from the date

the plaintiff was detained pursuant to legal process.  <u>Betts v. Yount</u>, 2011 WL

294509, at *2 (N.D. Ga. Jan. 26, 2011) (citing <u>Wallace v. Kato</u>, 549 U.S. 384

(2007)).

Plaintiff was arrested on May 15, 2008, and the statute of limitations

began to run on Plaintiff's false arrest claims that same day.  Therefore, the

6

statute of limitations for Plaintiff's false-arrest claims expired on May 15, 2010.

As Plaintiff did not file his Complaint until March 21, 2011, more than two

years after the limitations period had expired, Plaintiff's false arrest claims

under Section 1983 and state law are time-barred.  Accordingly, Plaintiff's

false-arrest claims (Counts I and III) against all Defendants are **DISMISSED**

**with prejudice**.

    B.  <u>Claims Against Defendants HCSO and GBI</u>

    As stated <u>supra</u>, Plaintiff's false arrest claims—both federal and state—

have been dismissed with prejudice.  Accordingly, the Court will address the

remaining malicious prosecution claims under Section 1983 and O.C.G.A. § 51-

7-40 (Counts II and IV) against Defendants HCSO and the GBI.  "After

performing thorough research and verifying Defendants' arguments," Plaintiff

concedes that the state law malicious prosecution claim (Count IV) against

Defendants HCSO and GBI is barred and requests the Court to dismiss the

claim against these Defendants without prejudice.  (Dkt. 21 at 7-8; Dkt. 15 at

22).  As to the Section 1983 malicious prosecution claim (Count II), the

Complaint makes it clear that the claim is directed against "individual

defendants only."[4]  (Dkt. 1 at 19).  Accordingly, the Court interprets the Section

1983 malicious prosecution claim (Count II) to be asserted against Defendants

Gilbert and Blackwell only.  Therefore, the Court concludes that all

claims—both federal and state—against Defendants HCSO and GBI must be

**DISMISSED with prejudice**.[5]

    C.  <u>Claims Against Defendant Hall County</u>

As a preliminary matter, Plaintiff asserts a state-law false-arrest claim

against Defendant Hall County.  However, as stated <u>supra</u>, Plaintiff's false

arrest claims have all been dismissed.  Therefore, the Court will address the

only remaining claim against Defendant Hall County— Plaintiff's malicious

prosecution claim under O.C.G.A. § 51-7-40.[6]

---

[4]Plaintiff asserts that the Section 1983 claims (Counts I and II) "clearly provide that they are directed at only the individual defendants."  (Dkt. 21 at 8).

[5]The Court believes there is no just reason to limit the dismissal, because even if the claims were dismissed without prejudice, the Court sees no viable claim. Moreover, Plaintiff moved to voluntarily dismiss the claims only after Defendants spent the time and effort drafting a Motion to Dismiss.

[6]Although Defendant Hall County cites various cases as to why Plaintiff's Complaint fails to state a federal claim against it, Plaintiff's federal causes of action "are directed at only the individual defendants," and as such, the Court will not address those arguments as they are moot.  (Dkt. 12-1 at 5; Dkt. 21 at 8).

Defendant Hall County argues that the doctrine of sovereign immunity is a complete bar to the malicious prosecution claim.  (Dkt. 12-1 at 6-7).  Defendant's argument is premised on the ground that Plaintiff has not and cannot show that Hall County has waived its sovereign immunity pursuant to an act of the General Assembly.  (Id. at 8).  Plaintiff argues that should he be allowed to proceed with discovery, Plaintiff would be able to determine whether Hall County has insurance coverage, and in turn, such insurance coverage would waive sovereign immunity.  (Dkt. 21 at 8).

Under both the 1991 Amendment to the State Constitution, Art. I, Sec. II, Par. IX, and the Georgia Tort Claims Act, sovereign immunity provided to counties will be retained unless waived by an act of the General Assembly. Swan v. Johnson, 219 Ga. App. 450, 452, 465 S.E.2d 684, 686 (1995).  Thus, "[t]he doctrine of sovereign immunity protects governments from legal action unless they have waived their immunity from suit."  Williams v. Whitfield Cnty., 289 Ga. App. 301, 302, 656 S.E.2d 584, 586 (2008).  "The immunity, at least for counties, may only be waived by a legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." Williams, 289 Ga. App. at 302, 656 S.E.2d at 586.

9

In Georgia, only the purchase of motor-vehicle liability-insurance coverage waives sovereign immunity. O.C.G.A. § 33-24-5 provides that a county waives its sovereign immunity to the extent it purchases liability insurance to cover personal injuries arising out of the use of a motor vehicle. See Williams, 289 Ga. App. at 302 (applying O.C.G.A. § 33-24-5). Moreover, under O.C.G.A. § 36-92-2(a), sovereign immunity is waived "for a loss arising out of claims for the negligent use of a covered motor vehicle. . . ." See City of Atlanta v. Lockett, 2011 WL 4840632, at *1 (Ga. Ct. App. Oct. 13, 2011) (holding that the City waived its sovereign immunity pursuant to O.C.G.A. § 36-92-2(a) where police officers initiated and continued a high speed pursuit in violation of police department protocol).

Because the facts of this case do not support a claim of liability arising out of use of a county motor vehicle—or any motor vehicle—sovereign immunity has not been waived. Sovereign immunity thus acts as a complete bar to any state law claims against Defendant Hall County, and the Court finds no just reason to allow discovery on this matter. Accordingly, Plaintiff's state-law claim for malicious prosecution against Defendant Hall County must be **DISMISSED with prejudice**.

10

D. Claims Against Defendant Blackwell

As a preliminary matter, Plaintiff concedes that the state law claims for false arrest and malicious prosecution (Counts III and IV) asserted against Defendant Blackwell are barred and requests this Court to dismiss them without prejudice.[7]   (Dkt. 15 at 22).  As stated supra, Plaintiff's false arrest claims have already been dismissed, and because the Court finds no compelling reason to limit the dismissal of the state malicious prosecution claim (Count IV), it is **DISMISSED with prejudice**.  Accordingly, the Court will address the only viable claim remaining against Defendant Blackwell—a claim for malicious prosecution under Section 1983.

To establish a federal malicious prosecution claim under Section 1983, a plaintiff must prove (1) the elements of the common law tort of malicious

---

[7]In addition, Defendant Blackwell asserts that he is entitled to Eleventh Amendment immunity and sovereign immunity with regard to any state law claims that Plaintiff has alleged against him.  (Dkt. 10-1 at 22).  Moreover, Defendant Blackwell asserts that even if the state-law claims had been brought in a proper state court, they would be subject to dismissal for lack of subject matter jurisdiction pursuant to the Georgia Tort Claims Act ("GTCA").  More specifically, Defendant Blackwell argues (1) he is immune under the GTCA; (2) Plaintiff failed to satisfy the ante-litem notice requirement of O.C.G.A. § 50-21-26; (3) Plaintiff failed to effect proper service of the Complaint; and (4) the state-tort-law claims are barred by the exceptions to the waiver of sovereign immunity under O.C.G.A. § 50-21-24.  (Dkt. 10-1 at 22-29).

prosecution, and (2) a violation of his Fourth Amendment right to be free from

unreasonable seizures.  Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th

Cir. 2004) (citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)).

> As to the constituent elements of the common law tort
> of malicious prosecution, [the Eleventh Circuit] has
> looked to both federal and state law and determined
> how those elements have historically developed. For
> example, in Uboh, [the Eleventh Circuit] examined
> both federal law and Georgia law and indicated that,
> for purposes of a Section 1983 malicious prosecution
> claim, the constituent elements of the common law
> tort of malicious prosecution included: (1) a criminal
> prosecution instituted or continued by the present
> defendant; (2) with malice and without probable
> cause; (3) that terminated in the plaintiff accused's
> favor; and (4) caused damage to the plaintiff accused.

Wood, 323 F.3d at 881-82 (citation omitted).

Defendant Blackwell, however, asserts that he is entitled to qualified

immunity for the individual capacity claim.  Qualified immunity protects

government officials performing discretionary functions from being sued in

their individual capacities.  See Wilson v. Layne, 526 U.S. 603, 609 (1999).  In

addressing a qualified immunity defense, a two-part analysis is used.  First, a

Defendant must prove that he was "acting within the scope of his discretionary

authority" when the allegedly wrongful acts occurred.  Second, if Defendant

12

provides such proof, the burden shifts to Plaintiff to show that Defendant's actions violated "clearly established constitutional law" of which a reasonable person would have known.  Hudgins v. City of Ashburn, 890 F.2d 396, 404 (11th Cir. 1989); Garrett v. Athens-Clarke Cnty., 378 F.3d 1274, 1278-9 (11th Cir. 2004).  If the law has not staked out a bright line "right" in factual circumstances highly similar to those presented, qualified immunity almost always protects the defendant.  The Court determines the legal issue of whether the defendant was entitled to qualified immunity using the version of facts most favorable to the plaintiff.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003).

Here, the first prong is satisfied as Plaintiff concedes that Defendant Blackwell was  acting within the scope of his discretionary authority as a special agent of the GBI.  (Dkt. 1 at ¶ 70; Dkt. 15 at 19).  Accordingly, the critical question is whether Plaintiff has provided competent evidence that Defendant Blackwell's actions violated clearly established constitutional standards of which a reasonable person would have known — in this case Plaintiff's rights under the Fourth Amendment.  (Dkt. 1 at ¶ 89).

First, Plaintiff's Section 1983 malicious-prosecution claim is recognized as a Fourth Amendment violation.  The Eleventh Circuit "unequivocally has identified malicious prosecution to be a constitutional tort cognizable under Section 1983," Uboh v. Reno, 141 F.3d 1000, 1002-03 (11th Cir. 1998), and the Fourth Amendment is the source of the right to be free from malicious process. Wood, 323 F.3d at 881 ("Our Court has identified malicious prosecution as a violation of the Fourth Amendment . . . ").  Second, "an arrest without probable cause violates the right to be free from unreasonable search under the Fourth Amendment." Durruthy, 351 F.3d at 1088.  "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007).

Here, Plaintiff has alleged sufficient facts to render it plausible that Defendant Blackwell violated plaintiff's Fourth Amendment right to be free from malicious process by making an arrest without probable cause.  Plaintiff has plead that the arrest warrant affidavit omitted several material facts which, if alleged, would have prevented a judge from issuing the warrant.  (Id. at 13).

14

Specifically, Plaintiff asserts that Defendant Blackwell failed to mention that while the child pornography was being downloaded, Plaintiff was in attendance at a commendation ceremony and thus not present at his residence; that the internet and Bear Share accounts were registered under Mrs. Farr's name; that twenty five individuals had access to the computer; that Mrs. Farr admitted to purchasing the computer and downloading adult pornography; and that Plaintiff denied any knowledge of the downloaded files.  (Id. at 13-14).

The Court, in accepting as true "all facts set forth in the plaintiff's complaint," and drawing all reasonable inferences in the light most favorable to the plaintiff, believes Plaintiff has asserted enough facts to allege a constitutional violation and a violation of a clearly established law.  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Accordingly, Defendant Blackwell is not entitled to qualified immunity, and his Motion to Dismiss as to Plaintiff's  malicious prosecution claim under Section 1983 is **DENIED**.

15

E.   Claims Against Defendant Gilbert

As stated supra, Plaintiff's false arrest claims have been dismissed.[8]

Therefore, the Court will address only Plaintiff's federal and state malicious

prosecution claims against Defendant Gilbert.

Plaintiff asserts that he has alleged a plethora of facts which reveal a

plausible claim for relief.[9]  However, while Plaintiff does allege a number of

_____

[8]In addition, Plaintiff's failure to address the statute of limitations argument asserted in Defendants' Motion [12] renders Plaintiff's false arrest claims as abandoned, and the Court would also be authorized to dismiss the claims on such grounds.  See L.R. 7.1(B), NDGa; see also Hudson v. Norfolk Southern Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001).

[9]Plaintiff asserts that his Complaint contained the following facts in support of his claim: "Defendant Gilbert offered the Plaintiff a position with the Sheriff's Office; that Plaintiff respectfully refused said offer; that Defendant Gilbert thereafter visited Plaintiff at his workplace to express disgust with the Plaintiff and often became hostile towards the Plaintiff; that the Plaintiff had to contact two of his supervisors to restrain Gilbert and protect himself; that Plaintiff spoke with his supervisors regarding Defendant Gilbert's hostility; that Plaintiff was with Defendant Gilbert at the time in which he allegedly downloaded the pornography he was arrested for knowingly possessing and therefore, Defendant Gilbert knew that Plaintiff could not have downloaded the file; that Defendant Gilbert lied to the Plaintiff to get him to come to the Law Enforcement Center; that Defendant Gilbert choked the Plaintiff and threatened him; that Defendant Gilbert fired the Plaintiff before he had been charged with any unlawful act; that Defendant Gilbert effectuated the arrest of Plaintiff; that Defendant Gilbert sent an e-mail message to the employees of the Hall County Sheriff's Office instructing them not to speak with or assist the Plaintiff in any way; that Defendant Gilbert had no probable cause to support the criminal prosecution; that Defendant Gilbert participated in instituting and maintaining a criminal prosecution against Plaintiff with malice and without probable cause; that as a direct result of Gilbert's actions, the Plaintiff was seized and detained against his will and subjected

16

improper actions by Gilbert, none of the allegations go to malicious

prosecution. As seen above, in order to mount such a claim under either federal

or state law, Plaintiff must allege that Gilbert instituted or continued Plaintiff's

prosecution. See Jackson v. K-Mart Corp., 851 F. Supp. 469, 472 (M.D. Ga.

1994). "The central question is whether the officials involved made an

'independent decision to arrest or prosecute'" apart from the defendant's

conduct, or whether they relied upon the defendant. Id. (quoting Baggett v.

Nat'l Bank & Trust Co., 330 S.E.2d 108, 109 (Ga. Ct. App. 1985)). And simply

making an arrest after another party initiates the prosecution does not lead to

liability. Payne v. DeKalb Cnty, 414 F. Supp. 2d 1158, 1177 (N.D. Ga. 2004)

(finding that making an arrest in response to a 911 call and in reliance on

another party's representation that a warrant was forthcoming did not institute

or continue plaintiff's prosecution).

　　　Here, the only fact which Plaintiff plead that arguably relates to his

prosecution is that it was Gilbert who called him and asked him to come down

to the station where he was subsequently arrested. Plaintiff did not plead that

---

to criminal prosecution; and that the charges against Plaintiff were dismissed." (Dkt.
21 at 11-12 (citing Dkt. 1 at ¶¶ 15, 16, 17, 18, 19, 20, 23, 24, 32, 41, 42, 43, 44, 45,
46, 47, 52, 58, 67, 71, 73, 75, 77, 84, 86, 89)).

AO 72A
(Rev.8/82)

Gilbert gave false information to Blackwell, or that it was Gilbert who conducted the pornography investigation. In fact, Plaintiff plead that Blackwell knew the Plaintiff was at the commendation ceremony and thus could not have relied on Gilbert for this information. Cmpl., Dkt. No. [1] at ¶ 37. And Plaintiff also plead that a warrant was issued against him to substantiate the arrest by Gilbert and Hall County. Id. at ¶ 49. As Gilbert did not continue or institute Plaintiff's prosecution and only participate in the arrest of him, that claim is **DISMISSED** against Defendant Gilbert.

a. Official Capacity

Defendant Gilbert also asserts that any federal law claims alleged against him in his official capacity are barred by the Eleventh Amendment.  (Dkt. 12-1 at 18).  "It is [ ] well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued."  Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). "Georgia law recognizes its sheriffs as 'arms of the state.'"  Rylee v. Chapman, 316 Fed. App'x  901, 905 (11th Cir. 2009) (citing Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007) (rev'd en banc on other grounds)).

Although Plaintiff argues that Defendant Gilbert is not entitled to Eleventh Amendment Immunity because he is not being sued as an arm of the state, to the contrary, sheriffs and sheriffs' employees are "arms of the state" when performing law-enforcement functions.  Manders, 338 F.3d at 1313. Therefore, the Court concludes that Defendant Gilbert—a deputy sheriff with the Hall County Sheriff's Office— is entitled to Eleventh Amendment immunity.  Accordingly, insofar as Defendant Gilbert seeks dismissal on the official capacity claims, his Motion to Dismiss [12] is hereby **GRANTED**.

 F. Punitive Damages and Attorneys Fees

Because substantive claims against Defendant Blackwell remain in this litigation, his Motion to Dismiss is **DENIED** as to attorneys' fees and punitive damages.  See Connell v. Houser, 375 S.E.2d 136, 139 (Ga. Ct. App. 1988) (finding that an attorneys' fee award under O.C.G.A. § 13-6-11 is predicated on finding a violation of the other elements of damages).  Moreover,  because no substantive claims remain against Defendants HCSO, Hall County, GBI, and Gilbert the attorneys' fees and punitive damages asserted against them are **DISMISSED**.

19

II.   <u>Motion for Summary Judgment</u>[10]

Defendants Hall County, HCSO, and Gilbert filed a Motion for Summary Judgment [27] on October 6, 2011.  The motion asserts that on September 14, 2011, Plaintiff Farr filed a voluntary petition for Chapter 13 bankruptcy relief in the Untied States Bankruptcy Court.  (Dkt. 27-2 at ¶ 4).  Plaintiff Farr was required to list all suits in which he is or was a party within one year prior to the filing of the bankruptcy in the "Statement of Financial Affairs;" however, Plaintiff failed to do so.  (<u>Id.</u> at ¶ 5).  Plaintiff Farr contends that while meeting with his bankruptcy attorney he informed him that there was pending litigation. (Dkt. 28-1 at ¶ 2).  Thus, according to Plaintiff, the litigation was inadvertently omitted from the bankruptcy filings.  (<u>Id.</u> at ¶ 3).

Defendants Hall County, HCSO, and Gilbert ("Defendants") filed their Motion for Summary Judgment [27] on October 6, 2011.  After receiving the Motion for Summary Judgment, Plaintiff was put on notice that the pending litigation was omitted from the bankruptcy filing and took action to amend the bankruptcy petition to include the lawsuit.  (<u>Id.</u> at ¶¶ 4, 5).

_____

[10]The Court incorporates the facts contained in both Defendants' Statement of Undisputed Material Facts [27-2] and Plaintiff's Statement of Material Facts [28-1].

A.  <u>Motion for Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  <u>Hickson Corp. v. N. Crossarm Co.</u>, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material.  <u>Id.</u> at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  <u>Id.</u>  An issue is genuine when the evidence

21

is such that a reasonable jury could return a verdict for the non-moving party.

Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

B.  Judicial Estoppel

Defendants seek judgment as a matter of law on Plaintiff's claims for malicious prosecution and false arrest under state law and Section 1983.

Defendants contend that Plaintiff should be estopped from pursuing his claims

because he failed to disclose his involvement in this pending lawsuit in a sworn

Chapter 13 bankruptcy petition filed in the Bankruptcy Court.  According to the

"Statement of Financial Affairs" filed before the Bankruptcy Court, Plaintiff

was required to "[l]ist all suits and administrative proceedings to which [he] is

or was a party within one year immediately preceding the filing of this

bankruptcy case." (Dkt. 27-1 at 3-4).  Although this case was pending at the

time of the bankruptcy filing, Plaintiff  did not disclose the pendency of this

lawsuit. (Id. at 6).

The doctrine of judicial estoppel precludes a plaintiff from asserting a

position in a judicial proceeding that contradicts the position taken under oath

in a bankruptcy proceeding.  Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1271

(11th Cir. 2004).  The Eleventh Circuit has adopted a two-prong test for

determining the application of judicial estoppel.  First, the prior inconsistent

position must be asserted under oath.  Burnes v. Pemco Aeroplex, 291 F.3d

1282, 1285-88 (11th Cir. 2002).  Next, the court considers whether the

inconsistent statements amount to a manipulation of the judicial system.  See id.

at 1287-88.  As Burnes demonstrates, where a party fails to list a potential

employment claim on her bankruptcy disclosure forms and later brings that claim in court, the first factor is met and the issue becomes one of intent.  See id. (finding first factor met under circumstances).  Intent may be inferred from the record, particularly where a party knew about her undisclosed claims and had a motive to conceal them from the bankruptcy court.  Id. at 1287.

Defendants argue that Plaintiff made inconsistent statements to the Bankruptcy Court under oath by falsely swearing that he was not a party to any pending lawsuits.  (Dkt. 27-1 at 6).  As to the second prong, Defendants argue that the motive to deceive the Bankruptcy Court can be inferred from Plaintiff's filing of the bankruptcy, because if Plaintiff realized any proceeds from the suit prior to the discharge of his bankruptcy, he would have been able to keep the proceeds for himself.  See Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010).  Defendants contend, therefore, that judicial estoppel should be applied to bar Plaintiff from pursuing his claims.  De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003) ("judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them").

24

In response, Plaintiff argues that he had disclosed the pending lawsuit to his bankruptcy attorney. (Dkt. 28 at 4). Moreover, Plaintiff contends that his failure to disclose this action in the bankruptcy filings was inadvertent. (Id.). Once Plaintiff Farr realized this mistake, Plaintiff amended his Bankruptcy Petition and rectified the error. (Id. at 4-5). Plaintiff argues that as he lacked any intent to deceive the Court or his creditors, the doctrine of judicial estoppel should not be applied to bar his claims as a matter of law. See Strauss v. Rent-A-Ctr., Inc., 192 F. App'x 821, 822 (11th Cir. 2006)

Here, the inconsistent statements under oath prong has been met. However, the Court finds that there is insufficient evidence that Plaintiff had the requisite intent or motive to meet the second prong. Construing all facts in the light most favorable to the non-moving party, the Court finds that Plaintiff lacked the intent to manipulate the judicial system by omitting his involvement in the pending case. Further, the prompt rectification of the error by amending the schedule satisfies Plaintiff's statutory duty to amend. See Robinson, 595 F.3d at 1274 ("[A] Chapter 13 debtor has a statutory duty to amend her financial schedule to reflect her current assets."). The Court finds that Defendants have failed to offer evidence sufficient to support application of

judicial estoppel.[11]  Accordingly, Plaintiff should not be estopped from

asserting his claims.  Therefore, Defendants' Motion for Summary Judgment

[27] is **DENIED**.

### Conclusion

Based on the foregoing, Defendants' Motions to Dismiss [10, 12] as to

Plaintiff's false arrest claims (Counts I and III) are **GRANTED**.  Defendants

HCSO, Hall County, Gilbert, and GBI's Motions to Dismiss [10, 12] as to all

counts are **GRANTED**.  Accordingly, Defendants HCSO, Hall County, Gilbert,

and GBI are dismissed from this action, and because no substantive claims

remain against these Defendants, the attorneys' fees and punitive damages

---

[11] Although Defendants have offered Burnes, 291 F.3d at 1282, Robinson, 595 F.3d at 1274, and Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003) as authority for their arguments that Plaintiff has attempted to make a mockery of the Court, in considering the specific circumstances of this case, the Court finds those cases to be distinguishable.  For instance, in Burnes, the plaintiff filed for bankruptcy before filing suit and thereafter did not amend his schedule of assets or statement of financial affairs to reflect the pending suit.  Moreover, when the plaintiff converted the Chapter 13 petition to a Chapter 7, the bankruptcy court ordered the plaintiff to file an amendment, in which the plaintiff, again, failed to report the pending lawsuit.  Moreover, Barger involved a plaintiff who did not attempt to amend her bankruptcy petition until after being discharged of her debts.  And in Robinson, the plaintiff was in the process of repayment at the time she chose not to disclose the pending suit.  Further, there was a nine-month period between when the plaintiff brought her claim and when she was dismissed from the bankruptcy.  Here, Plaintiff mistakenly left off this suit in his Statement of Financial Affairs, and the Court does not find that Plaintiff acted in bad faith.

asserted against them are **DISMISSED**.  As to Plaintiff's  malicious

prosecution claim under state law asserted against Defendant Blackwell,

Defendant's Motion to Dismiss [10] is **GRANTED**.  As to Plaintiff's malicious

prosecution claim under Section 1983 asserted against Defendant Blackwell,

Defendant's Motion to Dismiss is **DENIED**.  Because substantive claims

against Defendant Blackwell remain in this litigation, his Motion to Dismiss

[10] as to attorneys' fees and punitive damages is **DENIED**.  Defendants Hall

County, HCSO, and Gilbert's Motion for Summary Judgment [27] is **DENIED**.

 **SO ORDERED**, this  28th  day of November, 2011.


              _____
              RICHARD W. STORY
              UNITED STATES DISTRICT JUDGE

27